United States District Court
Southern District of Texas
**ENTERED**
October 22, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARYLIN J. TAYLOR, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-1568 |
| | § | |
| | § | |
| CAROL EVENS, *et al.*, | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Marylin J. Taylor, pro se, filed this lawsuit on May 1, 2020 against Carol Evens alleging jurisdiction pursuant to 28 U.S. C. § 1331.  ECF 1.  On the same day, she filed what was docketed as an Amended Complaint against Nicole Harris a/k/a Nicole Wilson and Tjwana Wilson, also alleging jurisdiction pursuant to 28 U.S. C. § 1331.  ECF 2.  Taylor complains about incidents that occurred at her place of work on or about December 6, 2019, including alleged illegal termination, assault, and slander.  ECF 1, 2.

Plaintiff served the Wilsons and they filed a Motion to Dismiss Pursuant to Federal Rule 12(b)(6).  ECF 11.  Taylor has not served Carol Evens.[1]  *See* ECF 12 (summons returned unexecuted).  Taylor did not file a timely response to the Motion to Dismiss but did file a Motion for Default Judgment against all Defendants, ECF 15.[2]

Although the Wilsons' Motion to Dismiss is based on failure to state a claim under

---

[1] Plaintiff's claims against Evens are subject to dismissal for lack of timely service pursuant to Federal Rule of Civil Procedure 4(m).  That statute grants the court discretion to extend plaintiff's time to effect service.  *See Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996).  However, doing so here would be inappropriate because there is no federal subject matter jurisdiction over Plaintiff's claims.

[2] In the event the district court does not dismiss this action, the Court recommends that the Motion for Default Judgment be denied because all Defendants who have been served in this action have appeared by filing a motion to dismiss.  *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989) ("The filing of a motion to dismiss is normally considered to constitute an appearance.").

Federal Rule of Civil Procedure 12(b)(6), it also contests federal jurisdiction. *See* ECF at 3-4. In any event, the Court must assess its jurisdiction sua sponte even if not raised by the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (". . . federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction sua sponte if not raised by the parties."). When assessing its jurisdiction, the court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). Here, the lack of jurisdiction is apparent from the Complaint and Amended Complaint.

Taylor purports to base jurisdiction on 28 U.S.C. § 1331, but she asserts no federal claim against any named Defendant. Plaintiff's pro se Complaint and Amended Complaint cannot be liberally construed as asserting a claim pursuant to Title VII because she has not sued her employer, which she identifies as Dynamic Possibilities Day Activity Center, and has not alleged that she is member of any protected class or that she was discriminated against on that basis. *See* 42 U.S.C. § 2000e-2(a)(1) (making it unlawful for an employer to discriminate against an employee based on the "individual's race, color, religion, sex, or national origin.").[3] Plaintiff's Complaint and Amended Complaint cannot be liberally construed as asserting a cause of action under 28 U.S.C. § 1983 for violation of her constitutional rights because Defendants are not state actors. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999) (to state a claim under Section 1983, a plaintiff must allege facts showing she was deprived of constitutional rights by a person or persons acting "under

---

[3] Although not jurisdictional, it is also clear that Plaintiff has not asserted a Title VII claim because she does not allege filing an administrative charge of discrimination. *Matson v. Sanderson Farms, Inc.*, 388 F. Supp. 3d 853, 877 (S.D. Tex. 2019) ("Plaintiffs asserting Title VII and ADA claims must first exhaust their administrative remedies with the EEOC, state, or local agency.").

color of' state law.).  Plaintiff's allegations of assault and slander are matters of state law, and she has not identified any federal law that Defendants have violated by their actions.

Because there is no federal claim asserted in the Complaint or Amended Complaint, the Court recommends that this case be dismissed without prejudice for lack of jurisdiction. *See Griener v. United States*, 900 F.3d 700, 705 (5th Cir. 2018) (dismissal for want of jurisdiction should be entered without prejudice).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 22, 2020, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge